United States District Court
Southern District of Texas
**ENTERED**
March 19, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| IN RE: M/V CALCASIEU RIVER | § § § § § | CIVIL ACTION NO. 3:24-cv-00266 |

## OPINION AND ORDER

Pending before me is Claimant Justin Moak's Motion to Lift the Stay of the Limitation Injunction. Dkt. 20. Having reviewed the briefing, the record, and the applicable law, I deny the motion.

## BACKGROUND

Moak claims that on February 14, 2024, he was injured while assigned to the M/V Calcasieu River, a vessel owned by Limitation Petitioner Great Lakes Dredge & Dock Co., LLC ("GLDD"). At the time of the incident in question, the vessel was located at a facility owned by Surfside Launch LLC d/b/a Marlin Marine Worx, and a Marlin Marine employee was allegedly assisting Moak in his duties. On April 19, 2024, Moak instituted an action against GLDD and Marlin Marine in the 165th Judicial District Court of Harris County, Texas.

On September 11, 2024, GLDD instituted this limitation action in federal district court. On January 28, 2025, Moak filed his answer and claim, "which largely mirror [his] state court petition." Dkt. 16 at 3. Marlin Marine also filed a claim against GLDD in this limitation action, alleging that "[i]f there is any liability on the part of Marlin Marine in [Moak's] lawsuit(s), which is denied, Marlin Marine is due tort indemnity and recovery over and against [GLDD] for any damages that . . . Moak may be entitled to recover." Dkt. 15 at 5. Marlin Marine prays "for all damages for contribution and/or indemnity as may be reasonable, together with the maximum legal interest thereon from the date of the incident until paid, and *for all costs of this proceeding, including attorney fees*." *Id.* (emphasis added).

On February 19, 2025, Moak filed the instant motion to lift stay accompanied by a stipulation. *See* Dkt. 20. That motion begins with the following sentence: "Claimant [Moak] is the only claimant in this limitation." *Id.* at 1. Similarly, Moak's stipulation reflects that Moak is "a single claimant." Dkt. 20-1 at 2. GLDD opposes Moak's motion to lift stay based on "the obviousness that there are multiple Claimants in this Limitation Action," Dkt. 25 at 2, with Marlin Marine being the other claimant against GLDD.

## LEGAL STANDARD

"The Limitation Act allows a shipowner, lacking privity or knowledge, to limit liability for damages arising from a maritime accident to the 'amount or value of the interest of such owner in such vessel, and her freight then pending.'" *Odeco Oil & Gas Co., Drilling Div. v. Bonnette*, 74 F.3d 671, 674 (5th Cir. 1996) (quoting 46 U.S.C. app. § 183(a)). "A shipowner's right to limitation, however, is cabined by the 'saving to suitors' clause." *Odeco*, 74 F.3d at 674 (citing 28 U.S.C. § 1333(1)). "The saving to suitors clause evinces a preference for jury trials and common law remedies in the forum of the claimant's choice." *Odeco*, 74 F.3d at 674. "It is a well-settled tenet that a claimant may proceed in state court pursuant to the savings to suitors clause of 28 U.S.C. § 1333 upon the filing of stipulations in the federal court proceeding designed to protect the vessel owner's rights under the Limitation Act." *In re M/V Miss Robbie*, 968 F. Supp. 305, 306 (E.D. La. 1997).

Claimants who wish to have a stay lifted so that they can return to state court must "stipulate that 'the admiralty court reserves exclusive jurisdiction to determine all issues related to the shipowner's right to limit liability, and that no judgment against the shipowner will be asserted to the extent it exceeds the value of the limitation fund.'" *Id.* at 307 (quoting *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992)). Claimants must also "waive any claims of res judicata relevant to the issues of limitation of liability or exoneration." *In re M/V Miss Robbie*, 968 F. Supp. at 307.

## ANALYSIS

Moak now acknowledges that he "improperly identified [himself] as a single claimant" in his motion to lift stay and the accompanying declaration. Dkt. 30 at 2 n.3. It is undisputed that the other claimant in this action, Marlin Marine, has *not* made any stipulations. Moak contends that this is not a problem because "Moak's claim is the only one that could exceed GLDD's limitation fund." *Id.* This is not true though, as this court has explained before:

> [Moak has] done everything [*he*] can do to work within the spirit of the Limitation Act, but [Moak does] not have complete control over [GLDD]'s potential liabilities . . . . For example, if [Marlin Marine] is found liable to [GLDD], it will seek to recover its defense costs and attorneys' fees from [GLDD] over which [Moak has] no control. Thus, [Moak's] stipulations cannot ensure [GLDD]'s absolute right to limit its liability, and this Court cannot lift the stay.

*In re Kirby Inland Marine, L.P.*, 237 F. Supp. 2d 753, 755–56 (S.D. Tex. 2002). The Fifth Circuit has stated unequivocally that "*all claimants* must sign a stipulation protecting the vessel owner's rights under the Limitation Act." *In re ADM/Growmark River Sys., Inc.*, 234 F.3d 881, 885–86 (5th Cir. 2000). Full stop. There are two claimants in this limitation action. Only one has signed a stipulation protecting GLDD's rights under the Limitation Act. Unambiguous, binding Fifth Circuit precedent compels me to deny Moak's motion to lift stay.

## CONCLUSION

For the reasons stated above, Moak's motion to lift stay (Dkt. 20) is denied.

SIGNED this 19th day of March 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE